# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUCIEN J. TUJAGUE, JR. | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-631 |
| | § | Judge Mazzant |
| JASON ELBERT ADKINS | § | |
| | § | |
| | § | |

## ORDER AND FINAL JUDGMENT

On October 1, 2018, Plaintiff Lucien J. Tujague, Jr. requested the District Clerk enter a default against Jason Elbert Adkins, which the Clerk properly entered a default on October 3, 2018. As there remains the issue of damages and attorneys' fees, this matter was submitted to the Court for additional consideration. On October 12, 2018, Plaintiff moved for a Default Judgment and submitted several items of proof, including:

1. Affidavit of Plaintiff Lucien J. Tujague, Jr.

2. Affidavit of Patrick Davis;

3. Affidavit of James Bogers;

4. Spreadsheet of losses;

5. Affidavit of Geoff J. Henley concerning attorneys' fees;

Plaintiff further requested the Court to take judicial notice of the filings and testimony in this and the related action in *Tujague v. Eckerd, et al.,* Civil Action No. 4:18-CV-0408. The Court has done so.

From the evidence and pleadings, the Court concludes that Plaintiff suffered a loss of $12,355,550.00 in actual economic damages. The Court further concludes that Plaintiff suffered serial fraud in some forty different off-the-road (OTR) tire transactions occurring between

February 18, 2016 and November 14, 2017 to fraudulently induce Plaintiff to pay him almost $13 million, and that Adkins, alone and with others, intentionally and knowingly did the following:

1. created phony documents, including tax returns, invoices, inventory documents, purchase orders, and wire transfer confirmations;

2. committed conspiracy commit to commit wire fraud in violation of 18 U.S.C. § 371

3. committed wire fraud in violation of 13 U.S.C. § 1343;

4. secreted assets and hindered Plaintiff from collection;

5. committed felony theft in violation of the Texas Penal Code § 31.05 and the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE § 134.005;

6. made fraudulent transfers to family insiders, co-conspirators and organized crime affiliates. See The Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COMM. CODE §§ 24.005 and 24.006;

7. defrauded and eluded other creditors; and

8. engaged with co-conspirators in a pattern of overt criminal acts and racketeering activity connected to the acquisition, establishment, conduct and control of an enterprise.

Throughout this litigation, the Court has found the need to take remedial action and employ its equitable powers to prevent asset dissipation so that Plaintiff and others would not have illusory remedies. *See Tujague v. Eckerd*, 2018 WL 3376967 (E.D. Tex. July 11, 2018); *Tujague v. Adkins*, 2018 WL 4816094 (E.D. Tex. Oct. 4, 2018). But Defendant' conduct, as the Court concludes here, requires more than attempted remediation. It requires specific and general deterrence. To that end, the Court is awarding exemplary damages.

Plaintiff has requested judgment on his disparate state and federal law claims. His federal claims include violations of the Racketeering Influenced Corrupt Organizations Act. *See* Title 18 U.S.C. § 1962(a)-(d). His pendent state law claims include common Conversion, Fraudulent Transfer, Constructive Trust, Conspiracy and violations of the Texas Theft Liability Act. *See*

TEX. CIV. PRAC. & REM. CODE § 134.005.  These causes of action each provide for payment of Plaintiff's losses but have differing additional remedies.  Specifically, Plaintiff has pled for treble damages under the RICO Act but he has also pled for punitive damages under common law and the Texas Theft Liability Act.

Texas law generally limits exemplary to "two times the amount of economic" damages plus any noneconomic damages.  TEX. CIV. P. & REM. CODE § 41.008(b)(1).  The limitation under the Civil Practices and Remedies Code, though, "does not apply to a cause of action against a defendant from whom a plaintiff seeks recovery based on conduct described as a felony" under specific provision of the Texas Penal Code.  *See also Swinnea v. ERI Consulting Engineers, Inc.*, 364 S.W.3d 421, 424 (Tex. App.—Tyler 2012); *McCullough v. Scarbrough, Medlin & Assoc, Inc.*, 435 S.W.3d 871, 912 (Tex. App.—Dallas 2014).  The statute removes exemplary damage caps for conduct pertaining to the following:  Forgery (Tex. Pen. Cod § 32.21); Commercial Bribery (Tex. Pen. Code § 32.43); Securing Execution of a Document by Deception (Tex. Pen. Code § 32.46); Fraudulent Destruction, Removal or Concealment of a Writing (Tex. Pen. Code § 32.47); and Theft (Chapter 31, the punishment level for which is a felony of the third degree (more than $20,000) or higher).  Given the pleadings and facts produced, the Court concludes that Defendant violated several, if not all, of these statutes.  The Court also concludes that applying CIV. PRAC. & REM. CODE § 41.008(b)(1) will serve the aims of redressing and deterring criminal acts.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Default Judgment (Dkt. #37) and **ORDERS** Defendant Jason Elbert Adkins to pay (1) $12,355,550.00 in actual damages and (2) $27,799,987.50 in exemplary damages—that is, 2.25 times the amount of Plaintiff's actual

3

damages.[1]   As Plaintiff has proceeded with his common law claims, the Court cannot award his attorneys' fees.

The Court further **ORDERS** that Plaintiff is entitled to post—judgment interest on the total amount of the judgment and any prejudgment interest awarded hereinabove, at the rate of 5% per annum from the date this judgment is signed until paid.

The Court further **ORDERS** that taxable court costs are hereby taxed against Defendant Jason Elbert Adkins.

Having severed this action with claims against another party (Dkt. #34), the Court hereby renders this judgment as final and enforceable through abstract, execution and other process necessary.  This judgment finally disposes of all parties and claims and is appealable.

**SIGNED this 17th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] The Court therefore need not address Plaintiff's alternative request for a lesser amount of damages under the RICO statute.